[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This case originated in 1998 when appellants, members of the 1998 Board of Trustees of Valley Homes Mutual Housing Corporation, filed suit against defendants Edith Price and Dorothy Franklin. The complaint alleged that Price and Franklin refused to acknowledge that they had been duly removed from their respective positions on the board; appellants sought injunctive relief barring Price and Franklin from interfering with the corporation's business.
Subsequently, the parties discovered that the state of Ohio had revoked the corporation's charter in 1995 because it had failed to file a Statement of Continued Corporate Existence. The 1997 board then filed a motion to intervene for the purpose of filing a counterclaim and a motion to dismiss. It was thereafter established that the corporation's articles of incorporation were reinstated on May 11, 1998. Furthermore, the trial court determined that all the actions taken by the corporation after the 1995 cancellation of the corporate charter were void and that the board of trustees in office at the time of the cancellation was the valid board. Appellants then moved for an order restraining Price and Franklin from acting on behalf of the corporation and declaring that the board in existence at the time of the charter's cancellation (the 1995 board) was the valid board until a special election could be held to elect its successors.
On June 29, 1998, the trial court granted the appellants' motion. In addition, it ordered that an election of a new board be held. Before that election took place, however, the appellees appealed the trial court's judgment reinstating the 1995 board. In September 1998, while their appeal was pending, the special election ordered by the trial court took place. An agreed entry accepting the election results was placed of record by the parties.
Subsequently, this court issued its decision reversing the trial court's judgment and remanding the case for further proceedings. Specifically, we concluded that the trial court had erred in determining that all actions taken by the corporation after the cancellation of its articles were void and that the board in existence at the time of the cancellation was the valid board. Instead, we concluded that the corporation had continued to operate as a de facto corporation during the time between the cancellation and the reinstatement of the articles. Noting that we lacked jurisdiction to consider matters placed of record following the filing of appellee's notice of appeal, we expressly declined to entertain the appellants' argument that the issues raised in the appellee's appeal had been mooted by the results of the 1998 special election. The issue of mootness, we stated, was for the trial court to decide on remand.
Shortly thereafter, the appellees filed a motion in the trial court seeking reinstatement of the 1997 board pursuant to this court's decision. Appellants then raised before the trial court the issue that this court had previously been unable to address: whether the results of the 1998 election mooted the question of whether the 1997 board was the valid board. After hearing arguments on the matter, the trial court granted the appellees' motion and reinstated the 1997 board. This appeal followed.
In their sole assignment of error, appellants assert that the trial court erred in declaring the 1997 board to be valid and in disregarding the results of the subsequent 1998 election. We conclude that this assignment is well taken. Any determination regarding the validity of the 1997 board was rendered moot given that a subsequent election was held and that the results of that election were accepted as binding by the parties. We conclude, therefore, that the results of that later election are controlling. Accordingly, we sustain the appellants' sole assignment of error, reverse the trial court's judgment reinstating the 1997 board, and hereby order that the results of the 1998 election be given full force and effect.
 ______________________________ GORMAN, PRESIDING JUDGE
 SUNDERMANN and WINKLER, JJ.